# Exhibit A

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 21-1286-MSG |
| BIONPHARMA INC., et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: QHP Capital, L.P., f.k.a. NovaQuest Capital Management, LLC
c/o The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Schedule A

| Place: Ellis & Winters LLP, 4131 Parklake Avenue, Suite 400, Raleigh, NC 27612 | Date and Time: 06/14/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: audio, video, and/or stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Schedule B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/22/2023

*CLERK OF COURT*

OR

_____          Luke T. Shannon
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bionpharma Inc. who issues or requests this subpoena, are:
Luke T. Shannon, Taft Stettinius & Hollister LLP, 111 East Wacker Drive, Suite 2600, Chicago, Il 60601-4208, Lshannon@taftlaw.com, (312) 836-4115

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 21-1286-MSG

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

For purposes of this Subpoena, the terms and phrases set forth below shall have the following meanings:

1. The terms "you," "your," "NovaQuest," and "QHP" as used herein, means QHP Capital, L.P. (formerly known as NovaQuest Capital Management, LLC) and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to: all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted facilities or service providers, as well as persons acting or purporting to act on their behalf.

2. The term "Azurity" as used herein, means Azurity Pharmaceuticals, Inc. and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, including but not limited to Silvergate Pharmaceuticals, Inc., and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to: all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted facilities or service providers, as well as persons acting or purporting to act on their behalf.

3. The term "Bionpharma" as used herein means Bionpharma Inc.

4. The term "Bionpharma's ANDA," as used herein, means ANDA No. 212408 and all supplements thereto.

5. The term "Bionpharma's ANDA Product," as used herein, means the drug product that is the subject of ANDA No. 212408.

6. "CoreRx" means to CoreRx, Inc., as well as any related entities, partners, corporate parents, subsidiaries, affiliates, predecessors in interest, successors-in-interest, including but not limited to NovaQuest Capital Management, etc. as well as any of CoreRx's present or former officers, directors, employees, agents, representatives, attorneys and each person acting or purporting to act on their behalf. CoreRx also means the defendant CoreRx in *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 21-1522-LPS (D. Del.), *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 8:21-cv-2515 (M.D. Fla.), and in any other case related to Epaned.

7. The term "CoreRx Suits" means *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 21-1522-LPS (D. Del.), and *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 8:21-cv-2515 (M.D. Fla.).

8. References to a person shall include all of such person's predecessors or successors in interest, present or former directors, officers, executives, trustees, employees, principals, agents, attorneys, representatives, and other persons acting or purporting to act on such person's behalf.

9. The use of the singular form of any word includes the plural and vice versa.

10. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests all documents that might otherwise be construed to be outside the scope of a request.

11. The terms "any" or "each" should be construed to encompass "all." The term "any" includes both "any" and "every." "All" should be construed to include and encompass "any."

12. The term "communication" means any transmission of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, e-mails, letters, PowerPoint (or other slide or chart presentations), Excel (or other spreadsheets), written or oral memoranda or reports, telephone conversations, face-to-face conversations, other oral

communications, facsimile transmissions, telegrams, telexes, teletypes, telexes, or communications mediated or transmitted by, through, or with the assistance of any electronic computational, transmission or storage device and any log, index, recording, or other record of any such communication.

13. The term "concerning" means relating to, referring to, describing, evidencing or constituting, and shall be construed in the broadest sense to require the production of all documents or things which contain or comprise any communication that refers to and documents that discuss, mention, or pertain to the subject matter of the request.

14. The term "disclose" means to identify, describe, explain, reveal, demonstrate, show, display, exhibit, illustrate, exemplify, refer to, or relate to.

15. The term "document" includes the plural as well as the singular, and has the broadest possible meaning as set forth in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy, including any copies with attached notes, is a separate document within the meaning of this term. The term "document" shall further mean anything discoverable under Federal Rule of Civil Procedure 45 and/or 34(a), including but not limited to any electronically stored information or tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of, notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or

other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, electronic mail, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

16. The term "enalapril" means (2*S*)-1-[(2*S*)-2-{[(2*S*)-1-ethoxy-1-oxo-4-phenylbutan-2-yl]amino}propanoyl]pyrrolidine-2-carboxylic acid.

17. The term "Epaned" means any enalapril maleate product or formulation marketed or sold by Azurity, or any agent, licensee, representative, or distributor thereof, under the name Epaned.

18. The term "FDA" means the United States Food & Drug Administration.

19. The term "including" means "including but not limited to" or "including without limitation."

20. The term "'008 patent" means United States Patent No. 9,669,008.

21. The term "'442 patent" means United States Patent No. 9,808,442.

22. The term "'745 patent" means United States Patent No. 10,039,745.

23. The term "'987 patent" means United States Patent No. 10,154,987.

24. The term "'482 patent" means United States Patent No. 10,786,482.

25. The term "'868 patent" means United States Patent No. 10,772,868.

26. The term "'621 patent" means United States Patent No. 10,918,621.

27. The term "'023 patent" means United States Patent No. 11,040,023.

28. The term "'405 patent" means United States Patent No. 11,141,405.

29. The term "Enalapril Liquid Patents" means '008, '442, '745, '987, '482, '868, '621, '023, and '405 patents collectively.

30. The term "Related Patent Litigation" means any lawsuit other than the Bionpharma Enalapril Litigation, filed by or against Azurity or any other entity or person concerning or relating to enalapril liquid formulation, Epaned, Enalapril Liquid Patents and/or Related Patent Application.

31. The term "Azurity-CoreRx LSA" shall mean the Litigation Settlement Agreement between Azurity and CoreRx.

32. The term "MMSA" shall mean the November 2020 Master Manufacturing Supply Agreement between Bionpharma and CoreRx.

33. The term "NDA" means New Drug Application.

34. The term "NDA No. 208686" means New Drug Application No. 208686 including any amendments, supplemental filings, or additions filed with the FDA for Epaned.

35. The term "person" means any natural person, business entity, whether a corporation, partnership, limited partnership, association, unincorporated association, firm, or joint venture, any governmental body or entity, whether a government agency, board, division, or department, or any other entity, and its directors, officers, employees, partners, employees, former employees, agents, and representatives.

36. The term "relating to," or any derivation thereof shall mean, without limitation, being in any way legally, logically, or factually connected with the matter discussed.

37. The term "thing" means any tangible item other than a document including, without limitation, compositions, samples, formulations, and preparations.

**INSTRUCTIONS**

1. No topic shall be construed with reference to any other topic for purposes of limitation.

2. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. The singular of each term shall be construed to include the plural and the plural shall be construed to include the singular as necessary to make the request inclusive rather than exclusive.

4. All verbs shall be construed to include all tenses as necessary to make the request inclusive rather than exclusive.

5. All documents produced in response to this Subpoena shall be produced in the same order as they were kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled. All documents shall be organized and labeled to correspond with the categories of this Subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document. Each page or sheet produced is to be marked to identify the producing party with a consecutive document control number.

6. All documents that respond, in whole or in part, to any portion of this Subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

7. If any document requested has existed, but has been lost, destroyed or is no longer within your possession, custody or control, identify those documents and describe the document, its author(s), the recipients(s) or addressee(s), the subject matter and content. If the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its

destruction, and identify the last known custodian of the document and each person who has knowledge of the loss or destruction of any such document.

8. With respect to any documents otherwise responsive to this Subpoena that you withhold or refuse to divulge on a claim of privilege or work product: (a) state the nature of the claim of privilege and the holder of the privilege; (b) state all facts relied upon in support of the privilege; (c) furnish a description of all documents withheld pursuant to the claim of privilege (i.e., its title and general subject matter, date, author and person(s) for whom it was prepared, to whom it was sent or who otherwise received or saw the document or were aware of the substance of its contents); (d) identify all persons having knowledge of any facts relating to the claim of privilege. If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim does not apply.

9. Each document is to be produced along with all drafts, without abbreviation or redaction.

10. When a request seeks "documents created prior to" a specified date, responsive documents include those that are undated and those for which a creation date cannot be ascertained immediately upon inspection.

**TOPICS**

1. The organizational structure of, and corporate relationship between and among, and any agreements between and among Azurity, NovaQuest, QHP, and CoreRx.

2. The reasons for QHP's acquisition of CoreRx and the facts and circumstances surrounding that acquisition.

3. QHP's knowledge of and involvement with the CoreRx Suits, the Azurity-CoreRx LSA, and the MMSA.

4. Communications between QHP and Azurity relating to Bionpharma, Bionpharma's ANDA Product, the CoreRx Suits, the MMSA, or any actual or potential competition to Epaned.

5. Communications between QHP and CoreRx relating to Bionpharma, Bionpharma's ANDA Product, the CoreRx Suits, the MMSA, or any actual or potential competition to Epaned.

6. The level of control and/or oversight QHP exercises over Azurity.

7. The level of control and/or oversight QHP exercises over CoreRx.

8. The existence and location of documents, including any communications, regarding each of the above-listed Topics.

9. The identity of the individuals who have knowledge of each of the above-listed Topics.

## SCHEDULE B

## DEFINITIONS

For purposes of this Subpoena, the terms and phrases set forth below shall have the following meanings:

1. The terms "you," "your," "NovaQuest," and "QHP" as used herein, means QHP Capital, L.P. (formerly known as NovaQuest Capital Management, LLC) and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to: all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted facilities or service providers, as well as persons acting or purporting to act on their behalf.

2. The term "Azurity" as used herein, means Azurity Pharmaceuticals, Inc. and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, including but not limited to Silvergate Pharmaceuticals, Inc., and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to: all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted facilities or service providers, as well as persons acting or purporting to act on their behalf.

3. The term "Bionpharma" as used herein means Bionpharma Inc.

4. The term "Bionpharma's ANDA," as used herein, means ANDA No. 212408 and all supplements thereto.

5. The term "Bionpharma's ANDA Product," as used herein, means the drug product that is the subject of ANDA No. 212408.

6.  "CoreRx" means to CoreRx, Inc., as well as any related entities, partners, corporate parents, subsidiaries, affiliates, predecessors in interest, successors-in-interest, including but not limited to NovaQuest Capital Management, etc. as well as any of CoreRx's present or former officers, directors, employees, agents, representatives, attorneys and each person acting or purporting to act on their behalf. CoreRx also means the defendant CoreRx in *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 21-1522-LPS (D. Del.), *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 8:21-cv-2515 (M.D. Fla.), and in any other case related to Epaned.

7.  The term "CoreRx Suits" means *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 21-1522-LPS (D. Del.), and *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 8:21-cv-2515 (M.D. Fla.).

8.  References to a person shall include all of such person's predecessors or successors in interest, present or former directors, officers, executives, trustees, employees, principals, agents, attorneys, representatives, and other persons acting or purporting to act on such person's behalf.

9.  The use of the singular form of any word includes the plural and vice versa.

10. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests all documents that might otherwise be construed to be outside the scope of a request.

11. The terms "any" or "each" should be construed to encompass "all." The term "any" includes both "any" and "every." "All" should be construed to include and encompass "any."

12. The term "communication" means any transmission of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, e-mails, letters, PowerPoint (or other slide or chart presentations), Excel (or other spreadsheets), written or oral memoranda or reports, telephone conversations, face-to-face conversations, other oral

communications, facsimile transmissions, telegrams, telexes, teletypes, telexes, or communications mediated or transmitted by, through, or with the assistance of any electronic computational, transmission or storage device and any log, index, recording, or other record of any such communication.

13. The term "concerning" means relating to, referring to, describing, evidencing or constituting, and shall be construed in the broadest sense to require the production of all documents or things which contain or comprise any communication that refers to and documents that discuss, mention, or pertain to the subject matter of the request.

14. The term "disclose" means to identify, describe, explain, reveal, demonstrate, show, display, exhibit, illustrate, exemplify, refer to, or relate to.

15. The term "document" includes the plural as well as the singular, and has the broadest possible meaning as set forth in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy, including any copies with attached notes, is a separate document within the meaning of this term. The term "document" shall further mean anything discoverable under Federal Rule of Civil Procedure 45 and/or 34(a), including but not limited to any electronically stored information or tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of, notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or

- 3 -

Case 5:23-mc-00019-RJ   Document 2-1   Filed 06/13/23   Page 15 of 19

other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, electronic mail, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

16. The term "enalapril" means (2S)-1-[(2S)-2-{[(2S)-1-ethoxy-1-oxo-4-phenylbutan-2-yl]amino}propanoyl]pyrrolidine-2-carboxylic acid.

17. The term "Epaned" means any enalapril maleate product or formulation marketed or sold by Azurity, or any agent, licensee, representative, or distributor thereof, under the name Epaned.

18. The term "FDA" means the United States Food & Drug Administration.

19. The term "including" means "including but not limited to" or "including without limitation."

20. The term "'008 patent" means United States Patent No. 9,669,008.

21. The term "'442 patent" means United States Patent No. 9,808,442.

22. The term "'745 patent" means United States Patent No. 10,039,745.

23. The term "'987 patent" means United States Patent No. 10,154,987.

24. The term "'482 patent" means United States Patent No. 10,786,482.

25. The term "'868 patent" means United States Patent No. 10,772,868.

26. The term "'621 patent" means United States Patent No. 10,918,621.

27. The term "'023 patent" means United States Patent No. 11,040,023.

28. The term "'405 patent" means United States Patent No. 11,141,405.

29. The term "Enalapril Liquid Patents" means '008, '442, '745, '987, '482, '868, '621, '023, and '405 patents collectively.

30. The term "Related Patent Litigation" means any lawsuit other than the Bionpharma Enalapril Litigation, filed by or against Azurity or any other entity or person concerning or relating to enalapril liquid formulation, Epaned, Enalapril Liquid Patents and/or Related Patent Application.

31. The term "Azurity-CoreRx LSA" shall mean the Litigation Settlement Agreement between Azurity and CoreRx.

32. The term "MMSA" shall mean the November 2020 Master Manufacturing Supply Agreement between Bionpharma and CoreRx.

33. The term "NDA" means New Drug Application.

34. The term "NDA No. 208686" means New Drug Application No. 208686 including any amendments, supplemental filings, or additions filed with the FDA for Epaned.

35. The term "person" means any natural person, business entity, whether a corporation, partnership, limited partnership, association, unincorporated association, firm, or joint venture, any governmental body or entity, whether a government agency, board, division, or department, or any other entity, and its directors, officers, employees, partners, employees, former employees, agents, and representatives.

36. The term "relating to," or any derivation thereof shall mean, without limitation, being in any way legally, logically, or factually connected with the matter discussed.

37. The term "thing" means any tangible item other than a document including, without limitation, compositions, samples, formulations, and preparations.

**INSTRUCTIONS**

1. Responses to these requests shall include all documents and things in your possession, custody, or control, including all documents and things in the possession, custody, or control of your officers, directors, partners, employees, agents, representatives, successors,

assigns, and all persons acting or purporting to act on your behalf, or who are in possession of, or who may have obtained information for or on your behalf in regard to the subject matter of this case.

2. These requests shall be deemed continuing in nature and create an ongoing obligation to supplement production of responsive documents and responses to each request herein when additional responsive documents and information become known and/or available to you.

3. If you have any good faith objection to any request or topic, or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request or topic shall be stated. If there is an objection to any part of a request or topic, then the part objected to should be identified and documents responsive to the remaining unobjectionable part should be produced.

4. Documents should be produced in full and in their unexpurgated form.

5. If the meaning of any term in these requests or topic is unclear, you should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

6. If document are produced as they are maintained in the normal course of business:

   A. All associated file labels, tile headings, and file folders shall be produced together with the responsive documents from each file;

   B. All documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;

   C. All documents comprising e-mail or maintained in electronic form shall be produced with all associated metadata and the appropriate load file(s); and

   D. Each page shall be given a discrete production number.

E. Color copies of documents are to be produced where color is necessary to interpret or understand the contents.

## DOCUMENT REQUESTS

**Request No. 1.** Documents sufficient to show the ownership of QHP, Azurity, and CoreRx.

**Request No. 2.** Documents sufficient to show organizational structure of, and corporate relationship between and among QHP, Azurity, and CoreRx.

**Request No. 3.** All documents and things concerning relationships, agreements, and communications between QHP and Azurity or CoreRx or both (or any affiliate or subsidiary thereof) as they relate to the Enalapril Liquid Patents, Related Patent Applications, Epaned, and/or NDA No. 208686.

**Request No. 4.** All documents and communications relating to Bionpharma, Bionpharma's ANDA Product, or any actual or potential competition to Epaned.

**Request No. 5.** All documents and communications relating to generic competition to Epaned, the Enalapril Liquid Patents, the MMSA, the Azurity-CoreRx LSA, and/or any other enalapril ANDA filer.

**Request No. 6.** All documents and things relating to QHP's decision, negotiation, or agreement to take an ownership interest in CoreRx.

**Request No. 7.** All documents, communications, and things relating to the CoreRx Suits, Azurity's decision to institute the CoreRx Suits, and/or QHP's knowledge of or involvement with the CoreRx Suits or Azurity's decision to institute the CoreRx Suits.