IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-MC-19-RJ

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| BIONPHARMA INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the motion of QHP Capital, LLP, a nonparty to this action, to quash a subpoena served on it by Defendant Bionpharma Inc. [DE-1]. Bionpharma filed a response in opposition and request to transfer the motion to the District of Delaware, pursuant to Fed. R. Civ. P. 45(f). [DE-8]. For the reasons that follow, the motion to quash, as well as the related motion to seal, [DE-11], are transferred to the District of Delaware.

I. **Background**

Azurity Pharmaceuticals and Bionpharma have been embroiled in patent litigation in the District of Delaware since 2018 over Bionpharma's generic (the "ANDA product") to Azurity's drug Epaned (enalapril maleate). In the "first wave" of litigation, after a trial, the Delaware court determined that the ANDA product did not infringe Azurity's patents. *See Silvergate Pharms., Inc. v. Bionpharma Inc.*, No. CV 18-1962-LPS, 2021 WL 1751148, at *35 (D. Del. Apr. 29, 2021), *aff'd sub nom. Azurity Pharms., Inc. v. BionPharma Inc.*, No. 2021-1926, 2022 WL 703903 (Fed. Cir. Mar. 9, 2022). A "second wave" of litigation was dismissed on stipulation of the parties as a result of the court's findings in the first wave litigation. *See Silvergate Pharms., Inc. v. Bionpharma Inc.*, No. CV 20-01256-MSG, [DE-106] (D. Del. May 21, 2021). A "third wave" of

patent litigation between the parties, first filed in the District of New Jersey but later transferred to the District of Delaware, is currently underway. *See Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, No. 21-01286-MSG, 21-01455-MSG. In addition to the patent claims, Bionpharma asserted counterclaims for antitrust violations against Azurity for allegedly monopolizing and attempting to monopolize the enalapril liquid market. Bionpharma served on QHP the subpoena at issue seeking discovery related to the anti-trust counterclaims. The third wave litigation is pending before Judge Goldberg from the Eastern District of Pennsylvania, sitting by designation in the District of Delaware.

Bionpharma contracted with CoreRx to develop and manufacture the ANDA product. At the time, Bionpharma and its private equity owner Signet Healthcare Partners owned an interest in CoreRx. QHP, a private equity firm, which acquired Azurity in March 2018, also acquired CoreRx in January 2021. Azurity sued CoreRx in the District of Delaware and in the Middle District of Florida on the grounds that CoreRx's actions related to the ANDA product infringed Azurity's patents. Azurity and CoreRx ultimately settled those suits, and CoreRx agreed to stop supplying Bionpharma with the ANDA product. Bionpharma then sued CoreRx in the Southern District of New York for breach of contract. Bionpharma's antitrust claims in the third wave litigation allege that Azurity's CoreRx suits were shams because Azurity and CoreRx were corporate siblings controlled by QHP, and a number of QHP partners and Azurity board members also served on CoreRx's board. The level of control, if any, that QHP exerts over Azurity and CoreRx is a subject of dispute between the parties.

2
Case 5:23-mc-00019-RJ    Document 15    Filed 09/01/23    Page 2 of 6

## II.     Discussion

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45, which "adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); *see Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Thus, the two fundamental limits on discovery imposed by Rule 26(b)(1) are relevance and proportionality. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir.), *cert. denied*, 140 S. Ct. 672 (2019).

Rule 45 imposes further limits when discovery is sought from nonparties. "A more demanding variant of the proportionality analysis [] applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id.* at 189 (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)). This is so because "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* Ultimately, giving the nonparty status "special weight," the court must determine "whether the benefits of discovery to the

3

requesting party outweigh the burdens on the recipient." *Id.*; *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016).

The court of the district where compliance is sought may "transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also D.R. Horton, Inc. v. NVR, Inc.*, No. 3:16-MC-053-RJC-DCK, 2016 WL 2942352, at *1-2 (W.D.N.C. May 20, 2016) (allowing a motion to transfer after finding exceptional circumstances). "In determining whether 'exceptional circumstances' exist, courts consider several factors including the 'complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Duck v. U.S. Sec. and Exch. Comm'n*, 317 F.R.D. 321, 323 (D.D.C. 2016) (quoting to *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). Transfer may be appropriate, and exceptional circumstances may be found, if transfer would prevent disrupting the issuing court's management of the underlying litigation. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Transfer is warranted only if the benefit of transfer outweighs the burden to the non-party in light of the exceptional circumstances. *Id.*

QHP argues the subpoena to appear at a deposition and to produce documents should be quashed because it imposes an undue burden on QHP and seeks disclosure of QHP's confidential information. QHP's Mem. [DE-2] at 16–28. Bionpharma counters that QHP's claim of undue burden is unsubstantiated and that there is a protective order in place to protect QHP's confidential information, but also that exceptional circumstances justify transfer the instant motion to the District of Delaware for resolution. Def.'s Mem. [DE-8] at 18–30. The court does not reach the substantive arguments because it finds exceptional circumstances justify transfer to the issuing district.

4

The subpoena to QHP was issued in a complex patent and antitrust litigation that is the culmination of more five years of litigation between Azurity and Bionpharma. While QHP argues here that Bionpharma should seek discovery on its antitrust theory from Azurity and CoreRx, it appears Bionpharma has done so but asserts that it has been unable to secure the discovery sought from those other sources. Judge Goldberg is presently considering in the underlying action discovery disputes between Azurity and Bionpharma over discovery sought from Azurity's board members, including QHP partners, related to the antitrust claims. Given Judge Goldberg's familiarity with the related discovery dispute in the underlying litigation and the complexity of the underlying matter, it is appropriate for this matter to be transferred to the District of Delaware to avoid inconsistent orders, to promote efficient resolution of the underlying litigation, and to conserve judicial resources, and the court finds no burden to QHP given its relationship to the plaintiff in the underlying matter. *See Dentsply Sirona Inc. v. Align Tech. Inc.*, No. 3:20-MC-00136-RJC-DSC, 2020 WL 6365460, at *1 (W.D.N.C. Oct. 29, 2020) (transferring motion to quash to the issuing district where the underlying action involved complex patent claims and defenses, and judicial economy, efficient case management, and the administration of justice were best served by the transfer); *D.R. Horton, Inc.*, 2016 WL 2942352, at *2 (finding exceptional circumstances when "judicial economy, efficient case management, and the administration of justice are likely best served by transfer" and "[t]he alternative presents the likelihood of inconsistent orders and deadlines regarding subpoenas and/or protective orders" from different district courts); *Duck*, 317 F.R.D. at 324–25 (exceptional circumstances warranting transfer included currently pending underlying litigation, ongoing summary judgment briefing, the same two judges had been significantly involved with the case, and there appeared to be no burden to the defendant by transferring the motion); *In re UBS Fin. Serv., Inc. of P.R. Sec. Litig.*, 113 F.

Supp. 3d 286, 288 (D.D.C. 2015) (exceptional circumstances warranting transfer found when the judge in the issuing district was in a better, more informed position to rule on the motion to quash because the case involved complex issues stemming from events in that district and the case had been pending there for almost three and a half years).

## III. Conclusion

For the foregoing reasons, QHP's motion to quash, [DE-1], as well as Azurity's related motion to seal, [DE-11], are transferred to the District of Delaware for consideration in the underlying matter of *Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, No. 21-01286-MSG.

So ordered, the ⎯l⎯ day of September 2023.

Robert B. Jones, Jr.
United States Magistrate Judge